Sealed

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. 18-21028 Cv-William

FILED by /M/ D.C.
MAR 19 2018
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

MIMI KORMAN, an individual,

   Plaintiff,

v.

JULIO IGLESIAS, an individual,

   Defendant.

/TORRES

## COMPLAINT

Plaintiff, MIMI KORMAN ("Mimi Korman"), by and through undersigned counsel, sues Defendant JULIO IGLESIAS (sometimes "Iglesias"), and alleges:

### INTRODUCTION

*Behind every great fortune lies a great crime.*
   — *Honoré de Balzac*

1.   Defendant Julio Iglesias ("Iglesias"), a musical legend, has enjoyed a stellar four (4) decades long career amassing adoration and hundreds of millions of dollars. This action seeks to at long last right Julio Iglesia's brazen infringement, four (4) decades long, of the song that Plaintiff Mimi Korman authored and which catapulted Julio Iglesias into global musical stardom. Accordingly, this action seeks damages for Iglesias' copyright infringement occurring

within three (3) years of the filing of this action and injunctive relief against any present and future infringement.

## NATURE OF THE ACTION, SUBJECT MATTER JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et. seq.*).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (copyright infringement); 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this District because (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (ii) Defendant resides (and therefore can be found) in this District.

## THE PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Mimi Korman is an individual, is *sui juris*, and is a resident of Miami-Dade County, Florida.

6. Defendant Julio Iglesias is an individual, is *sui juris*, is a resident of Miami-Dade County, Florida, and is subject to the personal jurisdiction of this Court.

7. Even if Iglesias were not a Florida resident (which he is), this Court would have personal jurisdiction over Iglesias pursuant to Section 48.193, Fla. Stat. (2018) and Rule 4(k)(1), Fed.R.Civ.P., as Iglesias has committed one or more tortious acts within the State of Florida which has caused injury to Plaintiff within Florida or, in the alternative, Iglesias has engaged in substantial and not isolated activity in the State of Florida. Moreover, Iglesias has purposefully

availed himself of the jurisdiction of this Court by transacting business in this District and the State of Florida, including by infringing on Plaintiff's copyright in Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

8.  In or about May 1978, Iglesias approached Mimi Korman, a well known and successful songwriter and journalist, to write Spanish language lyrics to a French language song Iglesias intended to record. The song had been a hit in Europe for the "French Elvis:" Johnny Hallyday, under the title, "J'ai Oublie de Vivre," ("I Had Forgotten to Live").

9.  Iglesias represented to Mimi Korman that his Spanish record company, Fabrica de Discos Columbia ("FDC"), was in the process of procuring the rights to use the underlying music to accompany the new lyrics, and that for her assignment of her copyright to the lyrics she was to author, his record company was prepared to pay her 33% of the song's royalties.

10.  Accordingly, Mimi Korman wrote the Spanish lyrics of the song titled "Me Olvide De Vivir" ("I Forgot to Live"). Hereinafter Plaintiff will refer to the Spanish lyrics as (the "Work") and the song derivative of the Work as (the "Song").

11.  While, Iglesias and Mimi Korman met for Iglesias to provide his comments to Korman's lyrics, Korman alone authored the Work, and the Work was not work for hire. Korman revised the original French title and the ideas and images in the lyrics were different from the French lyrics. This was a new song that Mimi Korman crafted to reflect Iglesia's focus on his professional life at the cost of his personal life.

12.  In or about September 1978, Iglesias' representative presented Korman with an unexecuted draft contract for Korman to assign her copyright to Iglesias (through his corporate vehicle Star Music). Korman signed it and delivered it to Iglesias, but despite Iglesia's promises,

Korman never received a copy of the document she signed or of a fully executed contract signed by both Korman and Iglesias.

13. Therefore, the parties did not contract for any assignment and Korman holds copyright to the Work.

14. In 1978, the Song ("Me Olvide de Vivir") was featured as the lead track on Julio Iglesias' "Emociones" album which was released on 12-inch vinyl on FDC's "Alhambra" label.

15. The album began to sell in great numbers.

16. With a subsequent release in 1980, the Song became a huge international hit and would reach multi-platinum sales. Indeed, the Work became the musical theme to Iglesias' movie, which movie Iglesias eventually retitled after the song.

17. Iglesias and his record company, initially FDC Alhambra, and later CBS which became SONY, made huge profits from the song. It is regarded as one of the two (2) top songs of Iglesias' entire career as one of the world's top singing stars.

18. Over the forty (40) years since Korman authored the Work, Iglesias and his licensees have reproduced, distributed and published the Song and derivative works, which continue to be distributed and published in various formats, including a motion picture, vinyl, CD, digital downloads, streaming, and as a video soundtrack.

19. Iglesias has licensed the Song and derivative works to other performers who have sold myriad copies in their own right, and has generated and continues to generate profits.

20. Iglesias has released "Me Olvide de Vivir" as a recording at least one hundred (100) times and the Work is widely considered to be his signature song. Iglesias performs the Song at the beginning or end of most shows.

21.   Further derivative works include, for example, translations of the Work into Portuguese and Italian.

22.   On May 1, 1989 the United States Copyright Office issued Korman Copyright Registration No. Pau001223595 for the Work. A copy of a Copyright Office website screen shot reflecting Korman's copyright registration is attached hereto as Exhibit "A."

23.   In or around 2017, Iglesias infringed on Korman's copyright by participating in the publishing and distribution of the Song (derivative of the Work) as Disc 1, Track 12 of the compilation album titled "The Real....Julio Iglesias" (the "Compilation"). A copy of the Compilation front and back jacket cover, and of the interior Disc 1 jacket cover, is attached hereto as Exhibit "B."

24.   On information and belief, Iglesias, and as yet unidentified third parties have released the Song and derivative works in infringement of Korman's Copyright. Korman will identify the additional infringements, and infringers, and amend this Complaint to state such additional claims.

## FULFILLMENT OF CONDITIONS PRECEDENT, ATTORNEY'S FEES AND PUNITIVE DAMAGES

25.   All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

26.   Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorneys' fees for their services.

27.   Because the Defendants' actions as described herein were performed with actual malice, ill will and gross indifference to or with reckless disregard of Plaintiffs' rights, and amount to willful and wanton acts which were deliberate and without reasonable cause or basis,

Plaintiffs reserve the right to amend this Complaint to seek punitive damages in accordance with the provisions of Fla. Stat. § 768.72 (2017).

## COUNT I:
## COPYRIGHT INFRINGEMENT
### (Iglesias)

28. Plaintiff, MIMI KORMAN, adopts and realleges the allegations set forth in paragraphs 1 through 27 above as if fully and expressly set forth herein and further alleges as follows.

29. As set forth above, Korman is the author and holds copyright to the Work (i.e., Spanish lyrics to the song "Me Olvide De Vivir").

30. The Work is the subject of Certificate of Copyright Registration No. Pau001223595 issued by the Registrar of Copyrights on May 1, 1989. See Exhibit "A."

31. The Copyright Act grants Korman the exclusive rights to reproduce and distribute the Work (the Spanish lyrics) and works derivative thereof to the public.

32. Korman has never published the Work.

33. Without Korman's permission, Defendant has reproduced and distributed works derivative of Korman's Work (the Spanish lyrics) to the public (the "Infringing Work"). A copy of the Compilation (i.e., the Infringing Work) front and back jacket cover is attached hereto as Exhibit "B."

34. The Infringing Work infringes on Korman's Work, to wit, the published song incorporates Korman's Spanish lyrics.

35. Defendant has profited from the infringement of the Work.

36.     Iglesias has been on notice of Korman's claim of rights to the Work but has nonetheless willfully published and distributed the Infringing Work for his financial benefit.

37.     Korman has been damaged as a result of Defendant's actions.

## COUNT II:
## UNFAIR AND DECEPTIVE TRADE PRACTICE PURSUANT TO FLORIDA STATUTE § 501.201 (2017)

38.     Plaintiff, MIMI KORMAN, adopts and realleges the allegations set forth in paragraphs 1 through 27 above as if fully and expressly set forth herein and further alleges as follows.

39.     This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, § 501.201, et seq., Fla. Stat. (2017).

40.     The acts and practices of Defendant Iglesias described above constitutes unfair methods of competition and unfair or deceptive acts and practices under the Florida Deceptive and Unfair Trade Practices Act, §501.201 et seq. (2017).

41.     Plaintiff has suffered damages as a direct and proximate result of Defendant's violation of the Florida Deceptive and Unfair Trade Practices Act, §501.201 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MIMI KORMAN, respectfully requests that this Court:

(A)     pursuant to 17 U.S.C. § 502, and Section 501.211(1), Fla. Stat. (2017),

> (1)     permanently enjoin Defendant Iglesias and his agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with any of the aforementioned from publishing or trafficking the Infringing Work or any other work derivative of Korman's Copyright;
>
> (2)     order that Iglesias remove all copies of the Infringing Work from any chain of distribution including online and in stores



THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

20900 NE 30th Ave, Suite 800, Aventura, FL 33180 - Main: 786.446.8643 - Fax: 786.446.8641

(3)   order that all labels, signs, prints, packages, wrappers, receptacles, photographs, and advertisements in the possession of the Defendant or his agents or co-conspirators, depicting or promoting the Infringing Work, or a colorable imitation thereof, and all plates, molds, matrices, negatives, and other means of making the same, be delivered up to this Court and destroyed;

(4)   order Defendant Iglesias to file with the Court and serve on the Plaintiff within thirty days (30) after the service on the Defendant of the permanent injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(B)   award Plaintiff damages, including copyright infringement damages pursuant to 17 U.S.C. § 504(b);

(C)   award Plaintiff Defendants' copyright infringement profits pursuant to 17 U.S.C. § 504(b);

(D)   award Plaintiff copyright infringement statutory damages pursuant to 17 U.S.C. § 504(c)(1);

(E)   award Plaintiff maximum statutory damages for willful infringement of $150,000 pursuant to 15 U.S.C. § 504(c)(2);

(F)   award Korman her costs and attorneys' fees as part of the costs pursuant to 17 U.S.C. § 505;

(G)   costs and attorney's fees pursuant to § 501.2105, Fla. Stat.

(H)   award Korman her costs; and

(I)   grant such other and further relief as the Court deems just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.



THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

20900 NE 30th Ave, Suite 800, Aventura, FL 33180 - Main: 786.446.8643 - Fax: 786.446.8641

Respectfully submitted,

March 19, 2018

THE BOBADILLA LAW FIRM
Attorneys for Plaintiff
20900 NE 30th Avenue, Suite 800
Aventura, FL 33180
Telephone: 786.446.8643
Facsimile: 786.446.8641
fernandob@bobadillafirm.com

By: _____
D. Fernando Bobadilla, Esq.
Fla. Bar No. 0136948

Co-counsel:

Marcella S. Roukas, Esq.
Fla. Bar No. 37829
20900 NE 30th Avenue
Suite 815
Aventura, FL 33180