# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 18-21028-CIV-WILLIAMS

MIMI KORMAN, an individual,

        Plaintiff,

v.

JULIO IGLESIAS, an individual,

        Defendant.

## PLAINTIFF'S *VERIFIED* RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR FEES [DE 54] AND [DE 56]

Plaintiff, MIMI KORMAN, by and through her undersigned counsel, hereby files her *Verified* Response In Opposition To Defendant's Motions For Fees [DE 54] and [DE 56] as follows:

### I.    Introduction

It is undisputable that Plaintiff Mimi Korman ("Korman") wrote one of Defendant Julio Iglesias's ("Iglesias") most iconic and most successful songs which is the subject of this copyright infringement action.  Iglesias has never disputed this and instead himself credited Plaintiff as one of the song's authors on its release.  Now, without a single citation to legal authority interpreting or applying the bases for attorney's fees, Iglesias seeks to punish an elderly woman, whose song he profited from without ever paying her a cent, with his attorney's fees merely for seeking her day in Court.



THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

20900 NE 30th Ave, Suite 800, Aventura, FL 33180 - Main: 786.446.8643 - Fax: 786.446.8641

## II.   Memorandum of Law

In his Motions, Defendant requests that this Court exercise its discretion to sanction Plaintiff with an award of Defendant's attorney's fees pursuant to (1)  17 U.S.C. § 505; and/or (2) Fla. Stat. § 501.2105.   As set forth below, this court should decline.

Further, Defendant requests that this Court sanction Plaintiff's counsel with an award of Defendant's attorney's fees on the basis of (3) 28 U.S.C. § 1927; and/or (4) Fed. R. Civ. P. 11. As set forth below, as a matter of law, there is no legal basis to grant Defendant's requested relief.

### A.   This Court Should Decline to Exercise Its Discretion to Sanction Plaintiff - An Elderly, Still Working, Woman Who Wrote One of Defendant's Most Famous Songs, To Whom Defendant Never Paid a Cent, And Who Merely Seeks Her Day in Court For This Injustice

#### 1.   This Court Should Not Award Defendant's Attorney's Fees as Costs Pursuant to the Copyright Act 17 U.S.C. § 505

Under the Copyright Act, an award of attorney's fees to the prevailing party is not mandatory.  See 17 U.S.C. § 505 (. . . the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs.") (emphasis added).  While "a showing of bad faith or frivolity is not a requirement of a grant of fees[,]" see Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir.1982), it is, like willfulness, "an important factor entering into a District Court's discretionary decision-making," see Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987).  "Faithfulness to the purposes of the Copyright Act is [] the pivotal criterion." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996).  "That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1983 (2016).  "Although objective reasonableness [of the losing party's position] carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." Id. at 1989.

Here, and as more fully set forth below, Korman's lawsuit was not frivolous or in bad faith.  To be sure, Korman sued in the prior federal action as a co-author, however, Korman took that position only (1) because she relied on Iglesias's representations that the parties had entered

into a contract creating such co-authorship; and (2) because she mistakenly believed the *legal conclusion* that Iglesias had contributed copyrightable content on the express facts to which she testified - which facts understood correctly, demonstrated Iglesias *was not* a co-author.

This Court rejected this position on the basis of judicial estoppel.  As Korman argued to this Court in her Objection to the Magistrate's Report and Recommendation (the "R&R") [DE 41], the Eleventh Circuit has held that, in equity, to determine whether a litigant intends to make a mockery of the judicial system by wrongfully taking inconsistent positions in different proceedings, a district court "should consider all the facts and circumstances of the case."  See Slater v. United States Steel Corporation, 871 F.3d 1174, 76 (11th Cir. 2017).  While prior to Slater, some Florida state courts comparing pre-Slater federal decisions observed that federal law on judicial estoppel may differ from Florida state law on the doctrine[1], Slater directs the district courts to openly consider all the circumstances from which the alleged inconsistency arises. Therefore, the Florida Supreme Court's explanation of the doctrine is instructive:

> In order to work an estoppel, ***the position assumed in the former trial must have been successfully maintained***. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved. So, ***the party claiming the estoppel must have been misled and have changed his position***; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. ***There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel*** [emphasis in original]***; where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law.***

Blumberg v. USAA Casualty Insurance Co., 790 So. 2d 1061, 1066 (Fla. 2001).  Accordingly, in equity, judicial estoppel does not apply where (as here) the claimant's prior position resulted from the litigant's prior mistake, or from fraud.  See generally  Douglas W. Henkin, Judicial Estoppel-Beating Shields Into Swords And Back Again, 139 U. Pa. L. Rev. 1711, 13 (1991) ("The first use of the doctrine, in Tennessee in 1857, held that the assertion of any position in a judicial proceeding could work an estoppel on a later attempt to contradict that position in the

---

[1] See, e.g., Losacano v. Deaf and Hearing Connection of Tampa Bay, Inc., 988 So. 2d 66,  70 FN 2 (Fla. 2d DCA 2008).

same or a different proceeding, unless the first assertion was caused by a mistake, inadvertence, or fraud.")   Therefore, judicial estoppel does not apply where (as here) the claimant's prior position was taken in reliance on the opposing party's prior conduct, e.g., fraud.  Blumberg, 790 So. 2d at 1066.  In that instance, the opposing party is himself equitably estopped from holding the claimant to a position the opposing party engineered by his wrongful conduct.

Here, Iglesias represented to Korman that they had a contract that created co-authorship. When Iglesias denied the existence of that contract, Iglesias could no longer claim co-authorship. Therefore, while yesterday Korman's contractual co-authorship claim was not filed within the statute of limitations; today, Korman's copyright infringement claim faces no such proscription as to infringement that occurred within three (3) years of the filing of this action, see Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014).   Moreover, Iglesias never changed *any position* by virtue of Korman's claim of co-authorship - Iglesias has always denied the contract.

Further, co-authorship is a legal conclusion arising from facts.  Plaintiff presented this Court with an entire chart replete with deposition testimony showing that Plaintiff's factual testimony  establishes she was in fact the sole author.  See  Opposition to Motion to Dismiss [DE 50] at 8 - 13.  Korman clearly testified: "No, Julio is not a writer, it's as simple as that."  Id. at 8 (quoting Korman Depo. (170:18 - 171:2)).   Finally, and again, the testimony of an unsophisticated laywoman, cherry-picked from two (2) days of convoluted deposition questioning, and then quoted out of context, did not provide the requisite record support to conclude Korman intended to mislead this Court.  See Reply in Support of Objection to R&R [DE 45] at 3; see also Slater, 871 F.3d at 1177 ("the court may consider such factors as the plaintiff's level of sophistication").

For this reason Korman respectfully appeals.  While Korman understands this Court's *sua sponte* interpretation to dutifully protect the judicial system to which the Court, undersigned counsel, and Korman herself as a citizen, owe their allegiance, Korman also believes that on these facts the judicial system affords her a day in Court she has not received.

"[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994); see U.S. Const., Art. I, § 8, cl. 8 ("To promote the Progress of Science and useful Arts").  "The statute achieves

that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." <u>Kirtsaeng v. John Wiley & Sons, Inc.</u>, 136 S. Ct. 1979, 1986 (2016) (citing <u>Fogerty</u>, 510 U.S. at 526). "Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes." <u>Kirtsaeng</u>, 136 S. Ct. at 1986.

Respectfully, and understanding that this Court does not agree with Korman's position, Korman comes to this Court an artist who created an extremely successful work for which she has never been paid. As more fully set forth below, to that aim Korman asserted difficult legal positions in hopes of securing her day in Court, and ultimately compensation for her artistic work. To award Iglesias attorney's fees for once again thwarting the claim of an artist from whom he profited richly and never paid, would be to punish an artist who enriched the general public through her creative works, for coming to Court on a difficult case. One of the purposes of the Copyright Act is to encourage artists to protect their works such that their animus to create not be discouraged. This Court should not saddle an artist, now an elderly working woman, with the attorney's fees of one of the richest performers in history who is once again successful in shirking his debt.

2.    **Even If This Court Awards Fees (Which It Should Not), It Can Only Do So For the Legal Work Defending the Copyright Claim - Which Work Defendant Has Not Met Its Burden to Establish**

If this Court decides to award Defendant's attorney's fees, the award must be limited to the legal work defending the Copyright claim. Defendant has not met its burden of establishing them. Here, Defendant has submitted time sheets in support of his request but has not explained how much time was expended on the Copyright claim versus the FDUTPA claim. Instead Defendant seeks all fees without distinction. Defendant, who bears the burden of establishing the fees he seeks compensated does not even advise the Court how much work was actually dedicated to the Copyright claim. Indeed, no reference to any Copyright versus FDUTPA issue appears in Defendant's billing sheets. Defendant fails to meet its burden and this Court should decline to guess what *recoverable* fees Defendant expended.



**3.    This Court Should Not Award Defendant's Attorney's Fees Pursuant to Fla. Stat. § 501.2105**

**a.    Korman's FDUTPA Claim Was Not Frivolous**

Here, the Court dismissed Korman's FDUTPA claim, not on the basis that the claim was judicially estopped or frivolous, but instead on the basis of preemption under the Copyright Act. See [DE 36].  For this reason, the Court did not dismiss the claim outright but instead granted Korman leave to amend the claim. Id.  The Court noted, however, "[u]pon amendment, Plaintiff must also show why this Court should continue exercising jurisdiction over the claims following dismissal of Count I [for Copyright Infringement]".  See id. at FN 3.  On August 7, 2018, this Court adopted the R&R and dismissed Count I with prejudice.  See [DE 46].

The basis for federal jurisdiction over Korman's state FDUTPA claim was supplemental. See Complaint [DE 1] at ¶ 3 (invoking 28 U.S.C. § 1367).  Based on her limited resources, on the Court's *sua sponte* rejection of the action, and the Court's admonition to explain why it should continue to exercise jurisdiction, Korman understood that amending Count II would still result in the Court exercising its discretion to decline to entertain the action.  See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").  Therefore, Korman decided to preserve judicial and party resources and did not engage in a futile amendment.

**b.    This Court Should Decline To Award Fees**

Courts have discretion to award fees under FDUTPA.  Pods Enterprises, LLC, v. U–Haul International, Inc., 126 F.Supp.3d 1263, 1291 (M.D. Fla. 2015) (citing Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007)).  In exercising that discretion, the following factors are considered, without limitation:

> (1) the scope and history of the litigation, (2) the ability of the nonprevailing party to pay fees, (3) whether an award of fees would deter future conduct by others in similar circumstances, (4) the merits of the parties' positions, including the nonprevailing party's culpability or bad faith, (5) whether the claim was frivolous, unreasonable, or groundless, (6) whether the nonprevailing party raised a defense mainly to delay the case, and (7) whether the case posed a significant legal question.

THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

Pods Enterprises, 126 F.Supp.3d at 1291-92 (citing Humane Soc. of Broward Cnty., 951 So.2d at 971–72).  Again, Defendant bears the burden to show entitlement to a fee award yet Defendant did not cite to any legal authority or even attempt to show how the governing factors support an award.  For Defendant to brief these issues in Reply robs Plaintiff of her due process right to oppose the belated, waived, arguments.  See, e.g., Goers v. L.A. Entertainment Group, Inc., 2016 WL 8669874, *4 (M.D. Fla. 2016)[2].

Applying these factors this Court should decline to award fees against Korman.  The purpose of FDUTPA is consumer protection.  See § 501.202(2), Fla. Stat.; see also LaFerney v. Scott Smith Oldsmobile, Inc., 410 So. 2d 534 (Fla. 5th DCA 1982); accord, Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990) (FDUTPA actions are public policy enforcement cases).

This is a long standing dispute filed by Korman, an elderly woman working full time, to receive some payment from Iglesias who promised to provide Korman the service of producing and distributing Korman's work.  The FDUTPA claim was not frivolous, indeed, the Court did not dismiss it outright.  Korman could have alleged an additional element, for example, (1) Iglesias's non-payment pursuant to his agreement to produce and distribute Korman's work; and/or (2) Iglesias's failure to attribute even co-authorship credit (Iglesias initially published

---

[2] In Goers the Middle District explained: "The purpose of a reply brief is to rebut any new law or facts contained in the opposition[']s response to a request for relief before the Court."  Tardif v. People for Ethical Treatment of Animals, No. 2:09–CV–537–FTM–29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).  The Eleventh Circuit has "repeatedly... admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."  Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (internal quotations and citation omitted); see also Tafel v. Lion Antique Investments & Consulting Servs., 459 Fed.Appx. 847, 849 (11th Cir. 2012) ("The district court had no obligation to consider an argument raised for the first time in the reply brief."); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for the first time in his reply brief is deemed waived).  This is especially true when the new arguments or evidence were available to the movant when the underlying motion was filed, and the movant should have been aware of the necessity of the arguments or evidence.  See e.g., Lage v. Ocwen Loan Servicing LLC, —— F.Supp.3d —— 2015 WL 7294854, at *6 (S.D. Fla. Nov. 18, 2015).  As such, district courts, including the Middle District, "ordinarily do not consider arguments raised for the first time on reply."  Grasso v. Grasso, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (internal quotations and citation omitted).

THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

20900 NE 30th Ave, Suite 800, Aventura, FL 33180 - Main: 786.446.8643 - Fax: 786.446.8641

Korman co-author credit but subsequently omitted even her partial credit).  Both these were recoverable FDUTPA breaches even if Iglesias had never also infringed on Korman's work.

Therefore, while factor (7) is neutral and factor (6) inapplicable, the remaining factors all favor a denial of attorney's fees: (1) Korman indeed provided value for which she was never paid; (2) if awarded, Korman simply could not pay Defendant's fees; (3) saddling Korman with unpayable debt would discourage other similar situated consumers from bringing suit to further the purpose of the Act; (4) Korman did not act in bad faith because she had a colorable argument that the claim was not preempted by the Copyright Act (more on the stringent standard to show bad faith below); and (5) again, the claim was not frivolous for this same reason.

      c.      **Even If This Court Awards Fees (Which It Should Not), It Can Only Do So For the Legal Work Defending the FDUTPA Claim - Which Work Defendant Has Not Met Its Burden to Establish**

If this Court decides to award Defendant's attorney's fees, the award must be limited to the legal work defending the FDUTPA claim.  See Diamond Aircraft Industries, Inc. v. Horowitch, 107 So. 3d 362, 370 (Fla. 2013) (Florida Supreme Court explained that "Subsection 501.2105(3) permits an award of attorney's fees for the hours actually expended on a civil action involving a FDUTPA claim.  See § 501.2105(3)).  Again, Defendant has submitted time sheets in support of his request but has not explained how much time was expended on the Copyright claim versus the FDUTPA claim.  Instead Defendant seeks all fees without distinction.

Notably, only three (3) pages of his fourteen (14) page Motion to Dismiss Korman's Complaint was devoted to Korman's FDUTPA claim - and then, Iglesias's sole argument was the claim was preempted by the Copyright Act.  See [DE 16].  Less than one (1) page of Defendant's eleven (11) page Reply was dedicated to the FDUTPA claim (see [DE 31]) and Defendant did not address FDUTPA at all in his briefing of Korman's objection to this Court's R&R.  See [DE 42].  Defendant bears the burden of establishing the FDUTPA defense fees he seeks compensated.  See Diamond Aircraft Industries, Inc. v. Horowitch, 107 So. 3d 362, 370 (Fla. 2013) (Florida Supreme Court explained that "[t]o recover attorney's fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim. See §



501.2105(2)."). Defendant, however, does not even advise the Court how much work was actually dedicated to the FDUTPA claim. Indeed, no reference to any FDUTPA issue appears in Defendant's billing sheets. Defendant fails to meet its burden and this Court should decline to guess what *recoverable* fees Defendant expended.

**B.** **There Is No Basis to Sanction Plaintiff's Counsel and Co-Counsel Under § 1927 or Rule 11 - *or* Under this Court's Inherent Authority (A Basis Defendant Does Not Assert)**

**1.** **As a Preliminary Matter, Co-Counsel Marcella Roukas, Esq. Did Not File any Pleading or Paper Before This Court And Relied on Undersigned Counsel's Professional Judgment**

Marcella Roukas, Esq. ("Ms. Roukas") came to be Plaintiff's co-counsel pursuant to her non-professional relationship with Plaintiff's family. Pursuant to her professional relationship with undersigned counsel (years ago, Ms. Roukas, Mr. Bobadilla, and Defendant's counsel Steven Eisenberg worked at the same firm where Mr. Bobadilla and Mr. Eisenberg were partners), Ms. Roukas recommended undersigned counsel's services to Plaintiff. Undersigned was lead counsel to Plaintiff and he alone signed every pleading and paper before this Court. At all times, Ms. Roukas - who is not a federal practitioner - relied on the professional judgment of undersigned counsel who is a specialist Board Certified by the Florida Bar in the area of Intellectual Property. Defendant has argued successfully to this Court that co-counsel, Russell L. King, Esq., should not be held responsible for Defendant's failure to docket the deadline to serve a draft motion for fees timely because he relied on Defendant's lead counsel Steven E. Eisenberg, Esq. See Defendant's Reply In Further Support of Motion for Extension of Time Nunc Pro Tunc to Serve Draft Motion for Attorney's Fees Pursuant to Local Rule 7.3 [DE 51]. This Court should deny Defendants' Motions against Ms. Roukas on this basis also.

**2.** **§ 1927 Does Not Apply**

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. O'Rear v. American Family Life

Assurance Co. of Columbus, Inc., 144 F.R.D. 410, 413 (M.D. Fla. 1992). Section 1927 is not a "catch all" provision designed to serve as a basis for sanctioning any and all attorney conduct courts want to discourage. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997); Weber v. Esquire Deposition Services, LLC, 09-21538-CIV, 2010 WL 2542002, at *2 (S.D. Fla. June 3, 2010).

The Eleventh Circuit has stated that an award of sanctions under § 1927 requires three elements: (1) the attorney must engage in unreasonable and vexatious conduct[3]; (2) that conduct must multiply the proceedings; and (3) the dollar amount of the sanction must not exceed the costs incurred by such conduct. Adams v. Austal, U.S.A., L.L.C., 503 Fed. Appx. 699, 703 (11th Cir. 2013); McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001), amended, on other grounds, on reh'g, 311 F.3d 1077 (11th Cir. 2002); Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir.1997).

### a.    Plaintiff's Counsel Did Not Multiply the Proceedings

"An attorney 'unreasonably and vexatiously' multiplies proceedings 'only when the attorney's conduct is so egregious that it is tantamount to bad faith.'" Adams, 503 Fed. Appx. at 703 citing Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007); see also Boler v. Space Gateway Support Co. LLC, 290 F. Supp. 2d 1272, 1277 (M.D. Fla. 2003).[4]

---

[3] Something more than a lack of merit is required for a finding of vexatiousness. Macort v. Prem, Inc., 208 Fed. Appx. 781, 786 (11th Cir. 2006); Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir.2003). It must be without plausible legal or factual basis and lacking in justification. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1264 (11th Cir. 2007); Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1348 (S.D. Fla. 2009). The "mere fact that an action is without merit does not amount to bad faith. BDT Prods., Inc. v. Lexmark Intern., Inc., 602 F.3d 742, 752 (6th Cir. 2010). "[I]n order for a court to find bad faith sufficient for imposing sanctions under its inherent powers, the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." Id. at 753. Legal theories advanced by a plaintiff must be considered "indisputably meritless" when a plaintiff cannot, even through the amendment of his pleadings, truthfully establish the existence of any injury. Id. at 754.

[4] The statute was first enacted in 1813, and was amended in 1980 specifically to add attorneys' fees to the list of possible sanctions. Janet Eve Josselyn, The Song of the Sirens - Sanctioning Lawyers Under 28 U.S.C. S 1927, 31 B.C.L. Rev. 477, 478 (1990). "Congress intended the statute to discourage dilatory litigation practices and advocacy designed to burden an opponent,

Case No. 18-21028-CIV-WILLIAMS

The attorney must knowingly or recklessly pursue a frivolous claim or engage in litigation tactics that needlessly obstruct the litigation of a non-frivolous claim to warrant sanctions under § 1927. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir.1998); Adams, 503 Fed. Appx. at 703; Boler, 290 F. Supp. 2d at 1277. "[T]he principal purpose of imposing sanctions under 28 U.S.C. § 1927 is 'the deterrence of intentional and unnecessary delay in the proceedings.'" Raymark Indus., Inc. v. Baron, CIV. 96-7625, 1997 WL 359333, at *7 (E.D. Pa. June 23, 1997).

Sanctions are not warranted simply because counsel's general performance or particular decision making did not rise to the highest standards of the profession. Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). Therefore, this burden is very high to prove and only applies to unnecessary filings *after* the lawsuit has begun. Boler, 290 F. Supp. 2d at 1276; Gibson v. Walgreen Co., 6:07-CV-1053-ORL-28KRS, 2010 WL 140007, at *5 (M.D. Fla. Jan. 12, 2010); see also Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986) (holding that "Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings"). The filing of a frivolous complaint may be sanctioned by Rule 11 or a court's inherent power, but not pursuant to § 1927. Velez v. Levy World Ltd. Partnership, 6:03–cv–878–Orl–22DAB, 2007 WL 842768 at *4 (M.D. Fla. Mar. 20, 2007).

Based on the foregoing well settled law, § 1927 cannot support sanction here. In his Motions, Defendant does not even attempt to substantiate the mere allegation that counsel *multiplied* the proceedings. Defendant only argues counsel filed the action and then objected to the R&R [DE 36] that the action be dismissed with prejudice. Plaintiff did not file extraneous, or duplicative, or unnecessary, or obstructionist pleadings or papers, but rather merely briefed the opposition to Defendant's Motion to Dismiss as permitted by the rules of procedure. Of necessity, Plaintiff objected to the R&R to have an opportunity *for the first time* to oppose judicial estoppel, a defense that Mr. Eisenberg (a seasoned federal practitioner "for over three decades," see [DE 51] at ¶ 7) did not even assert in Defendant's Motion to Dismiss [DE 16].

Defendant did not even serve or prosecute any discovery prior to the Court's ruling on dismissal. In short, Plaintiff did not multiply the proceedings - the minimum required for § 1927

---

*without chilling aggressive litigation and good-faith assertions of colorable claims."* Id. at 479-80 (emphasis added).



applicability.   Again, the mere filing of a Complaint, and briefing against its dismissal, is not enough.   See Adams v. Austal, U.S.A., L.L.C., 503 Fed. Appx. 699, 703 (11th Cir. 2013) (counsel's conduct must *multiply* the proceedings); Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir.1997) (same).   Therefore, § 1927 cannot support sanction for allegedly filing the Complaint in this action, even if it were frivolous (which it is not).   Most importantly, as set forth below, § 1927 does not support sanction because counsel did not act in bad faith in any event.

### b.    Plaintiff's Counsel Did Not Act With Bad Faith

In his Motions, Defendant does not request that this Court sanction Plaintiff under its inherent powers.   In an abundance of caution to address any consideration this Court might have to sanction counsel based on this Court's dismissal of Plaintiff's claim, Plaintiff addresses the Court's inherent powers nonetheless since the analysis overlaps that of § 1927 and Rule 11 sanction.   Under § 1927, Rule 11, or under a court's inherent powers, sanction requires a specific finding that an attorney acted in bad faith.   Wolters Kluwer Fin. Services, Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009); see also Silva v. Pro Transport, Inc., 898 F.3d 1335, 1341 (2018). As set forth above, this Court did not dismiss the FDUTPA claim outright as judicially estopped or frivolous. Therefore, the only bad faith inquiry is directed to Plaintiff's copyright claim.

Inherent-power bad faith sanctions, for example, are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes.   Id.   Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue.   Id.   A finding of bad faith and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings.   "Inherent powers must be exercised with restraint and discretion."   In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995).   Moreover, the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927.   Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007); see also Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010) (same).

However, even if a Court finds an attorney acted with bad faith, a Court does not, *ipso facto,* award sanctions under section 1927 or its inherent powers.   Managed Care Solutions, Inc.



v. Essent Healthcare, Inc., 09-60351, 2011 WL 4433570, at *4 (S.D. Fla. Sept. 21, 2011). Pursuant to 28 U.S.C. § 1927, a court "may," but need not, sanction an attorney who "multiplies the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. The imposition of sanctions pursuant to the Court's inherent powers is similarly a matter of discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Managed Care Solutions, 2011 WL 4433570, at *4.

For example, the court in Managed Care Solutions held that while the plaintiff's conduct related to the motion for partial summary judgment and the settlement demand letter reflect a notable failure to exercise rational judgment and a complete lack of professionalism, a colorable basis arguably existed for a kernel of these submissions. Managed Care Solutions, 2011 WL 4433570, at *4; see also Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc., 229 F.R.D. 695, 696 (M.D. Fla. 2005) (declining to use the court's inherent power because the defendant merely made assertions rather than provided any actually evidence of bad faith). More specificity and at least some proof of improper conduct would be required for the Court to invoke its inherent sanctioning powers. Id. Rodriguez v. M.I. Quality Lawn Maint., Inc., 10-21031-CIV, 2012 WL 668061, at *2 (S.D. Fla. Feb. 29, 2012) (declining to impose sanctions under the court's inherent power because the plaintiff "had some basis for his . . . allegation" and his actions "[did] not rise to the level of bad faith").

"[T]he inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." Boler v. Space Gateway Support Co. LLC, 290 F. Supp. 2d 1272, 1278 (M.D. Fla. 2003). Negligent, unintended or inadvertent conduct, standing alone, will not support a finding of bad faith. Kaplan v. Burrows, 6:10-CV-95-ORL-35DAB, 2011 WL 5358180, at *9 (M.D. Fla. Sept. 6, 2011); Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir. 2007). "[T]hat is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." Mirabilis Ventures, Inc. v. Palaxar Group, LLC, 6:07-CV-1788-ORL-28, 2011 WL 4114668, at *11 (M.D. Fla. Aug. 18, 2011) (citing Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1193 (11th Cir. 2006)).

          c.      **Plaintiff's Objection to the R&R Was Not Frivolous - Moreover, Plaintiff's Complaint Was Not Frivolous**



Again, Section 1927 is addressed exclusively to the *multiplication* of proceedings and not the filing of an action itself.  Boler, 290 F. Supp. 2d at 1276; Gibson v. Walgreen Co., 6:07-CV-1053-ORL-28KRS, 2010 WL 140007, at *5 (M.D. Fla. Jan. 12, 2010); see also Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986) (holding that "Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings"); see Adams v. Austal, U.S.A., L.L.C., 503 Fed. Appx. 699, 703 (11th Cir. 2013) (counsel's conduct must *multiply* the proceedings); Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir.1997) (same).

Therefore, the only alleged multiplication of proceedings Defendant argues is Plaintiff's objection to the R&R and Korman's supporting declaration.  See Motions for Sanctions [DE's 54 and 56].  As set forth above, Plaintiff's objection did not multiply the proceedings but rather was filed of necessity to address judicial estoppel, a basis raised *for the first time* in the Magistrate's R&R.  Even if that objection were the proper subject of a § 1927 motion (which it is not), the objection was not frivolous and undersigned did not file it in bad faith.

In the recent Silva v. Pro Transport, Inc., 898 F.3d 1335, 1341 (2018), the Eleventh Circuit held the district court had abused its discretion in sanctioning Plaintiff's counsel for his reasonable belief (just as undersigned counsel's here) that judicial estoppel did not bar Plaintiff's claim.  In Silva, the district court granted summary judgment to the defendants, concluding that judicial estoppel barred Plaintiff Silva's FLSA claim because he had failed to disclose it as an asset in his Chapter 13 bankruptcy.  Id. at 1337.  Just as here, Defendant sought sanctions against Plaintiff's counsel pursuant to § 1927 and Rule 11.  Id.  Applying the pre-Slater line of cases - and thus failing to assess the totality of the circumstances - the district court concluded Plaintiff's counsel litigated in bad faith as a matter of law.  Id.  The Eleventh Circuit reversed, noting it was "left with a definite and firm conviction that the district court made a mistake in determining that [Plaintiff] Silva and his attorneys took a frivolous position and had no reasonable chance of success in arguing that judicial estoppel did not apply."  Id.  "As Slater illustrates, [Plaintiff] Silva and his attorneys had reasonable arguments that judicial estoppel should not apply given, among other things, Silva's lack of sophistication . . . ."  Id.  Here, as set forth above, there are reasonable arguments that judicial estoppel should not apply.  Defendant's counsel, a seasoned



federal practitioner, did not even assert the defense.  There was, and is, no bad faith, and attorney sanctions are not proper.

### 3.     Rule 11 Cannot Support Defendant's Requested Sanctions

Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . Rule 11(a), Fed. R. Civ. P.  By so signing, the attorney represents to the Court that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b), Fed. R. Civ. P.  "[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); see also Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336 (9th Cir. 1988) ("Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way.").

Rule 11(c) authorizes a court to sanction an attorney who violates Rule 11(b).  Here, in an attempt to side-step the Rule 11 motion safe-harbor requirements, Defendant alleges a violation of Rule 11(b) and asks the Court to *sua sponte* issue a Rule 11(c)(3) Order to Show Cause why Plaintiff's counsel should not be sanctioned with the payment to Defendant of his attorney's fees.

First, as set forth above, attorney Ms. Roukas did not sign any pleading or paper before this Court, nor did Ms. Roukas advance Plaintiff's cause before this Court.  Therefore Rule 11 does not support sanction against her.

THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

Second, Defendant does not move for sanctions pursuant to the safe-harbor provision of Rule 11(c)(2), therefore this Court cannot award Defendant his attorney's fees.  Rule 11 does not authorize a court to award a party attorney's fees unless the complaining party complies with the Rule 11 safe-harbor provision.  See Rule 11(c)(4) (". . . The sanction may include nonmonetary directives; an order to pay a penalty into court; or, ***if imposed on motion*** and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.") (emphasis added); see Lisa Sanchez v. Statewide Mortgage Group, LLC, and John Lewis, 2010 WL 11507426, *3 (M.D. Fla. 2010) (denying award of attorney's under Rule 11 because "the Defendants did not file a separate motion for Rule 11 sanctions, they did not specify any conduct violating Rule 11, and they did not indicate whether the Plaintiff received notice of the Rule 11 filing twenty-one (21) days prior to its submission"); see also Methode Electronics, Incorporated v. Adam Technologies, Inc., 371 F.3d 923, 926 (7th Cir. 2004) ("[I]f the sanction is imposed on the court's own motion, attorney fees cannot be awarded.")[5].

Finally, as set forth above, Plaintiff's counsel did not act in bad faith to support even Rule 11 safe-harbor motion sanction; let alone *sua sponte* Rule 11 sanction for conduct akin to contempt.  In Danubis Group, LLC v. Landmark American Ins. Co., 2015 WL 12823368, *15 (M.D. Fla. 2015), the Court explained:

> Procedurally, court-initiated sanctions under Rule 11(c)(1)(B) do not involve the "safe harbor" provision contained in Rule 11(c)(1)(A). Because no safe harbor opportunity exists to withdraw or correct a submission challenged in a court-initiated proceeding, "[t]he initiating court must employ (1) a "show-cause" order to provide notice and an opportunity to be heard; and (2) a higher standard ("akin to contempt") than in the case of party-initiated sanctions." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003).

Defendant does not even attempt to make a showing that undersigned counsel's conduct in filing this action was akin to contempt of this Court's Orders.[6]  Moreover, Defendant's Motions do not identify the specific pleading or paper with which Defendant takes issue much

---

[5] Although Sanchez and Methode applied the prior version of Rule 11, the current Rule 11 Advisory Committee Notes explain that the 2007 amendments "are intended to be stylistic only."

[6] See FN 2 supra.

Case No. 18-21028-CIV-WILLIAMS

less explain how such filing was contemptuous, i.e., akin to counsel's willful and contumacious disregard for a Court order.

This is not a case where counsel falsified facts to intentionally deceive a court, or continually disregarded the court's orders.   See, e.g., Methode Electronics, Inc. v. Adam Technologies, Inc., 371 F.3d 923, 928 (7th Cir. 2004) (plaintiff asserted false venue allegations to obtain a convenient forum and possibly obtain injunctive relief); see also Danubis Group, LLC v. Landmark American Ins. Co., 2015 WL 12823368, *20 (M.D. Fla. 2015) ("The Court has warned Plaintiff and counsel *eight times* that failure to comply with obligations in this matter would not be tolerated and *would* result in consequences.") (emphasis in original).

Therefore, this Court must deny Defendant's request for fees on this basis alone and should decline to initiate Rule 11(c)(3) sanction proceedings *sua sponte*.

**III.    Conclusion**

Based on the foregoing, undersigned and Plaintiff did not file a frivolous Complaint. This Court should decline to exercise its discretion to further punish an elderly, still working woman, who Iglesias has never paid for the work he himself credited to her.   Moreover, Plaintiff's counsel did not act in bad faith, i.e., (1) present an argument without a kernel of a colorable argument; and (2) for specifically identified improper motive.   Moreover, Defendant has not properly alleged – nor could he make a showing – that undersigned and/or Plaintiff multiplied the proceedings before this Court, let alone vexatiously.   Plaintiff did not engage in extensive motion practice.   Plaintiff did not even serve discovery.   Further, Rule 11(c)(3) does not permit a court to award a party's attorney's fees. This Court should decline Defendant's invitation to *sua sponte* commence Rule 11(c)(3) sanction proceedings where, among other things, there can be no showing that Plaintiff's counsel acted in contempt of this Court.   This Court should deny Defendant's Motions for Sanctions.



Case No. 18-21028-CIV-WILLIAMS

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2018.

By: _____
    D. Fernando Bobadilla, Esq.

THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2018.

By: _____
MIMI KORMAN

Case No. 18-21028-CIV-WILLIAMS

Respectfully submitted,

THE BOBADILLA LAW FIRM
Attorneys for Plaintiff
20900 NE 30th Avenue, Suite 800
Aventura, FL 33180
Telephone: 786.446.8643
Facsimile:  786.446.8641
fernandob@bobadillafirm.com

By:    */s/ D. Fernando Bobadilla, Esq.*
          D. Fernando Bobadilla, Esq.
          Fla. Bar No. 0136948

Co-counsel:

Marcella S. Roukas, Esq.
Fla. Bar No. 37829
20900 NE 30th Avenue
Suite 800
Aventura, FL 33180

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *s/ D. Fernando Bobadilla*
          D. Fernando Bobadilla, Esq.

SERVICE LIST

Steven E. Eisenberg
EISENBERG LEHMAN PLLC
255 Aragon Avenue
2nd Floor
Coral Gables, FL 33134
Telephone: (786) 709-9321
Facsimile: (786) 999-0920
seisenberg@eisenberglehman.com

Russell L. King
KING LAW FIRM
1001 Brickell Bay Dr., Suite 1812
Miami, FL 33131
Telephone: (305) 329-3700
Facsimile: (305) 358-7344
rking@kinglawfirm.net

THE BOBADILLA LAW FIRM
INTELLECTUAL PROPERTY LAW & COMPLEX BUSINESS LITIGATION

20900 NE 30th Ave, Suite 800, Aventura, FL 33180 - Main: 786.446.8643 - Fax: 786.446.8641