UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18- 21028-CIV-WILLIAMS/TORRES

MIMI KORMAN,

    Plaintiff,

v.

JULIO IGLESIAS

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on a Motion for Attorney's Fees filed by Defendant JULIO IGLESIAS ("Defendant") against Plaintiff MIMI KORMAN ("Plaintiff"). [D.E. 56]. [1] After careful consideration and following our review of the record before us and all relevant authorities governing the dispute, we hereby recommend that the Motion be **GRANTED in part**.

### I.  FACTUAL BACKGROUND

In May of 1978, Defendant asked Plaintiff to write Spanish lyrics for a popular French song Defendant intended to record. Defendant told Plaintiff that he would pay

---

[1] On October 5, 2018 Defendant originally filed his motion for fees.[D.E. 54]. The Order of Dismissal [D.E. 46] gave Plaintiff fourteen (14) days to amend her complaint as to the FDUTPA claim. Because Plaintiff failed to amend her complaint, Defendant filed a duplicative motion for fees within the sixty (60) days of Plaintiff's failure to amend.

1

her 33% of the song's royalties for her work. Shortly thereafter, Plaintiff wrote the Spanish lyrics for the song "Me Olvide De Vivir" (the "Song"). Defendant first released the Song in 1978. In the forty years since, Defendant has reproduced, distributed, and published the Song at least 100 times in various formats. But Plaintiff believes that she alone authored the lyrics of the Song and never assigned her copyright of the lyrics to Defendant. She further alleges that Defendant has enjoyed generous profits from his unauthorized use of the Song and that, as a result, she has suffered damages.

To that end, on March 19, 2018, Plaintiff initiated a Complaint against Defendant, seeking damages and injunctive relief under both the Copyright Act and FDUTPA. Specifically, Plaintiff alleges that Defendant infringed on Plaintiff's copyright, most recently in 2017 when Defendant allegedly participated in the publication and distribution of the Song on Defendant's compilation album "The Real . . . Julio Iglesias." Plaintiff also alleges that Defendant's unauthorized use of the Song constitutes "unfair methods of competition and unfair or deceptive acts and practices," in violation of FDUTPA.

Defendant, in response, moved to dismiss Plaintiff's claim on April 23, 2018. [D.E. 16]. Defendant argued that the doctrines of res judicata and collateral estoppel preclude Plaintiff from asserting her copyright infringement claim because Plaintiff and Defendant have twice before litigated this dispute – once in Federal Court in 1993, and again in state court in 2015. *Id*. Defendant also contends that Plaintiff has failed to state a cause of action under FDUTPA and that, to the extent her FDUTPA claim is legitimate, it is preempted by the Copyright Act. *Id*. On August 7, 2018,

Defendant's motion was granted with prejudice as to the copyright claim and granted without prejudice as to the FDUTPA claim with leave for Plaintiff to amend her complaint. [D.E. 46]. Plaintiff never filed an amended complaint, instead seeking an appeal on the dismissal of the copyright claim. [D.E. 47].

The matter is now fully briefed and ripe for disposition. *See* D.E. 56, 59, 60. We now turn to the merits of Defendant's claim and the arguments raised in opposition by the Plaintiff. *Id*.

## II. ANALYSIS

Generally, under the "American Rule" in the United States, the prevailing party in litigation may not collect its attorney's fees from the losing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Certain statutory exceptions, however, do exist that allow the prevailing party to recover its fees. *Id*. In this case, Defendant – as the prevailing party – seeks to recover those fees under 17 U.S.C. § 505, Fla. Stat. §501.2105, Fed. R. Civ. P. Rule 11, and 28 U.S.C. §1927. Each gives the Court discretion in awarding fees, and the prevailing bears the burden of establishing as a matter of law entitlement to such an award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

### 1. Copyright Act- 17 U.S.C. §505

Under the Copyright Act, courts may award reasonable attorney's fees and costs to the prevailing party in a copyright infringement claim. 17 U.S.C. § 505. The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party and whether the amount of fees is reasonable. *See Lieb v. Topstone*

*Indus., Inc.*, 788 F.2d 151, 155-56 (3rd Cir. 1986).[2] However, an award for fees is not mandated in every case. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1986) (citing with approval *Lieb*, 788 F.2d at 155). Even if the prevailing party seeks costs under Section 505,[3] the Court has the discretion to limit or withhold any award. *Id.* at 534. Regardless of which side is the prevailing party, the Court should apply its discretion even-handedly to both plaintiffs and defendants: a finding of bad faith or frivolity is not required for an award. *Id.* at 520-21. Where a defendant is the prevailing party in a copyright case, there is a strong presumption in favor of awarding fees. *See Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, at *4 (S.D. Fla. July 1, 2008).

    A) <u>Factors under the Copyright Act to Determine Reasonable Fees</u>

Courts should consider several factors in determining whether or not the prevailing party is entitled to fees. These factors include, but are not limited to, the following: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4)

---

[2] Courts in this circuit also routinely recognize that an award for reasonable attorney's fees under Section 505 of the Copyright Act ultimately lies within the discretion of the District Court. *See, e.g., MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) (quoting *Montogomery v. Noga*, 168 F.3d 1282, 1303 (11th Cir. 1999)); *Miller's Ale House, Inc. v. Boynton Carolina Ale House*, 2011 WL 855276, at *1 (S.D. Fla. Mar. 9, 2011); *Oravec v. Sunny Isles Luxury Ventures L.C.*, 2010 WL 1302914, at *3, (S.D. Fla. Mar. 31, 2010).

[3] The applicable section provides as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

objective unreasonableness (both in the factual and legal components of the case), and; (5) the need in particular circumstances to advance considerations of compensation and deterrence. *See Fogerty*, 510 U.S. at 535 n.19 (adopting *Lieb* factors); *Mitek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1994). *Fogerty* does not require the Court to weigh all of these factors, and "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436-37. The factors are instead are a helpful guide in determining whether to award fees, "so long as such factors are faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 535 n.19.

A brief summary of *Fogerty* is useful for purposes of Defendant's Motion here. In *Fogerty*, the plaintiff was the holder of a copyright for a song and brought an infringement action against the musician, John C. Fogerty. After extensive discovery and motion practice, the copyright infringement claim went to trial, and the jury returned a verdict in favor of the defendants. *Id*. Fogerty, as the prevailing party from trial, then moved to recover attorney's fees under 17 U.S.C. § 505. *Id*. at 520-21. The District Court denied the motion, and the Court of Appeals affirmed. *Id*. Fogerty then sought certiorari from the United States Supreme Court on the attorney's fees issue. *Id*.

After taking the case, the Supreme Court found that a successful defense of a copyright infringement action furthered the goals of the Copyright Act and – upon the exercise of a court's discretion – a prevailing defendant could be entitled to a fee award under the statute. *Id*. at 534. On remand, Fogerty sought over $2 million in

5

fees, costs, and interest in connection with his successful defense on the infringement action, with the District Court awarding $1.3 million. *Fantasy, Inc. v. Fogerty*, 1995 WL 261504, at *1 (N.D. Cal. May 2, 1995). In doing so, the court noted the extensive time and labor undertaken in defending the suit, which included proceeding to trial and appealing the case to the Ninth Circuit and the Supreme Court. *Id.* at *3. The parties had also engaged in lengthy discovery and extensive motion practice, and the case involved new and complex issues in a specialized area of law. *Id.* at *3-4. In addition to these considerations, Fogerty also took care to exclude fees and costs for unsuccessful claims when possible. *Id.* at *7-9.

Following that decision, district courts were equipped with the tools necessary to award fees under the Copyright Act to prevailing defendants, and Iglesias makes his case here. With the *Fogerty* principles in mind, we turn to an examination of each of the applicable factors under Section 505 to determine if Defendant's request for fees is reasonable and appropriate.

*(1) Degree of Success Obtained*

To be entitled to attorney's fees under Section 505, Defendant must show that he is the prevailing party. There can be no question that Defendant prevailed here: his Motion to Dismiss against Plaintiff's copyright infringement claim, based largely on judicial estoppel, has been granted, and the Complaint dismissed with prejudice. Therefore, it is undisputed that Defendant is the prevailing party in this matter because he received final judgment in his favor.

6

*(2) Frivolousness and Objective Unreasonableness*

While the *Fogerty* case did not elaborate as to which entitlement factors are deemed more or less important, the trend in this Circuit is for courts to focus on the objective reasonableness factor when deciding whether to award attorney's fees. *See, e.g., Jenkins v. Jury*, 2009 WL 248232, at *3 (M.D. Fla. Feb. 2, 2009) (awarding attorney's fees to the defendant because, inter alia, there was a "lack of merit" in the claims); *Amadasun v. Dreamworks*, LLC, 359 F. Supp. 2d 1367, 1375-76 (N.D. Ga. 2005) (awarding attorney's fees to the defendant because, inter alia, the plaintiff "[made] it impossible for the Court to conclude that Plaintiff ever subjectively believed his positions were reasonable" and because there was a "lack of evidentiary support" for the plaintiff's claims); *MiTek Holdings, Inc.,* 198 F.3d at 842 (encouraging parties to raise objectively reasonable claims and defenses in order to further the purposes of the Copyright Act).

Plaintiff's claim can be deemed unreasonable based on the fact that, throughout the course of this current action, she claimed to be the *sole author* of the Song. However, in her previous actions against Defendant regarding the same issues, she represented to be the *co-author* of the Song. Plaintiff's calculated change of position was seemingly taken in an effort to "make a mockery of the judicial system," *Transamerica Leasing, Inc. v. Inst. Of London Underwriters*, 430 F. 3d 1326, 1335 (11th Cir. 2005).],[4] and this is the third attempt Plaintiff has made to sue Defendant

---

[4] In the first action, *Korman v. Iglesias*, 825 F. Supp 1010, 1012 (S.D. Fla. 1993), Judge Moreno stated that "the [S]ong was released in 1979 and included [Plaintiff's]

7

over the authorship of the Song at issue; out of those attempts, Plaintiff either lost or voluntarily dismissed each claim.

Seeking to avoid a finding that her claim was unreasonable, Plaintiff argues that she only changed her stance on authorship "1) because she relied on [Defendant's] representations that the parties had entered into a contract creating such co-authorship; and 2) because she mistakenly believed the legal conclusion that [Defendant] had contributed copyrightable content on the express facts to which she testified." [D.E. 59 at 3]. However – within that very same response – Plaintiff states that "[Defendant] never changed any position by virtue of [Plaintiff's] claim of co-authorship," because Iglesias "*has always denied the contract*." [D.E. 59 at 4]. Plaintiff's argument as to why she changed her stance therefore does not hold water: on one hand, she says the change occurred because of Defendant's representation about some "contract," but on the very next page contends that Defendant has always denied that contract's alleged existence. And her claimed mistaken belief about whether the content at issue is protected by copyright cannot save her: the issue as to whether a contribution is independently copyrightable is not a "legal conclusion," as she contends, but rather a question of fact. *Aretz v. Douglas*, 2013 WL 12123678 (M.D. Fla. 2013).

---

original title as well as a significant portion of her lyrics." Nowhere in the first action does Judge Moreno state that Plaintiff solely authored the Song.

8

Accordingly, we find that Plaintiff was objectively unreasonable in attempting to take a third "bite at the apple," and as such this factor weighs heavily in favor of Defendant.

*(3) Motivation*

The next *Fogerty* factor concerns Plaintiff's motivation in pursuing her claims. At least one court in this District has looked closely to the motivational factor to determine entitlement to fees. *See Jackson,* 2008 WL 2688117, at *7 (July 1, 2008) (finding that "the questionable motivation" of Plaintiff in bringing and continuing the lawsuit is a factor that "militates in favor of" an award). Another court outside of this Circuit has also looked to the improper motivation factor, stating that if a Plaintiff has a losing cause – yet continues to litigate – "there is no reason why the discretion of the Court should not be exercised to award fees." *Cohen v. Va. Elec. & Power Co.*, 617 F. Supp. 619, 623 (E.D. Va. 1985).

Here, it is crystal clear that Plaintiff's motivations pursuing this lawsuit are improper. "Copyright law ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527. "[C]opyright assures authors the right to their original expression but encourages others to build freely upon the ideas and information conveyed by a work." *Id* (quoting *Feist Publications Inc. v. Rural Telephone Service Comm.* 499 U.S. 340, 349-350 (1991)). Plaintiff may argue that she simply attempted to use the law for its intended purposes of encouraging and rewarding authors; but the way she went about doing so is improper and can be illustrated by her deliberate change of position concerning

9

the authorship of the song. Her attempt to do so disingenuous, barred by judicial estoppel, and illustrates an act of bad faith, and for these reasons, we find the "motivation" factor weighs heavily in Defendant's favor.

*(4) Considerations of Compensation and Deterrence*

The last factor from *Fogerty* concerns considerations of compensation and deterrence. As the Supreme Court put it, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. In infringement cases, courts should also seek to further the interests of the Copyright Act by either deterring infringement or allowing public exposure to valuable works. *Id.*; *see Mitek*, 198 F.3d at 842-43.

Here, the parties have already engaged in litigation for over twenty-five years, yet Plaintiff persists and Defendant has incurred fees to date of $48,164.40. Because Plaintiff failed to support her pleadings and continues to vigorously pursue a claim lacking any merit, this Court recommends that awarding attorney's fees to Defendant promotes considerations of compensation and deterrence. To hold otherwise would encourage continued abuse of the Copyright Act as a tool for stymieing free expression and undermining contractual agreements.

Plaintiff counters that she should not be punished for pursuing her good faith claims. But she would still fail to state a claim, regardless of whether she was a co-author or sole-author. If Plaintiff argued that she and Defendant were co-authors of the Song her claim, she would be barred under the 1993 case. *See Korman*, 736 F.

Supp. at 264 (holding that co-authors of a copyrighted work may not bring an infringement claim against each other). And because she now claims that she was the *sole* author, her claim must be judicially estopped because it would allow for "the perception that either the [1993 court] or [this] court was misled." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Plaintiff is responsible for the consequences of her choices in the face of well-established legal principles that undermine every single one of her positions. Just as when plaintiffs succeed on claims, a successful defense helps define the boundaries of copyright infringement law. Under this last factor of compensation and deterrence, an award of attorney's fees furthers the goals of the Copyright Act by encouraging defendants to pursue their meritorious defenses to copyright infringement claims.

To summarize, it is the rule rather than the exception for a defendant as the prevailing party to receive fees. *See Jackson*, 2008 WL 2688117, at *2. After carefully considering all of the *Fogerty* factors, Defendant should be awarded attorney's fees under Section 505 because all four factors weigh strongly in favor of Defendant's position. This Court therefore recommends that Defendant's motion for fees as to entitlement under the Copyright Act be **GRANTED**.

### 2. *Fla. Stat. §501.2105*

"Under FDUTPA, the Florida Legislature has declared that deceptive or unfair methods of competition and practices in trade and commerce are unlawful." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). "To encourage citizens to invoke the protections of FDUTPA and file actions under that statute, the

11

Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorney's fees from the nonprevailing party." *Id.* The statutory provision states the following:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105(1). "To recover attorney's fees, subsection 501.2105(2) provides that the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim." *Diamond Aircraft*, 107 So. 3d at 370. "Subsection 501.2105(3) permits an award of attorney's fees for the hours actually expended on a civil action involving a FDUTPA claim." *Id.*

The Florida Supreme Court has explained that "to recover attorneys' fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals." *Id.* at 368. Assessing attorneys' fees under FDUTPA for other portions of the litigation would be inappropriate "if either (1) counsel admits that the other services provided in that action were unrelated to the FDUTPA claim, or (2) a party establishes that the services related to non-FDUTPA claims 'were clearly beyond the scope of a 501 proceeding.'" *Diamond Aircraft*, 107 So. 3d at 370 (citation omitted). Simply put, "the purpose of FDUTPA's attorney's fees provision . . . is to award attorney's fees to the party that prevailed in civil litigation that involved a violation of FDUTPA—not for an action clearly beyond FDUTPA's scope." *Id.* at 371.

Once the trial court has determined that a party prevailed under FDUTPA, it has discretion to award attorney's fees based on various factors, including: "(1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions – including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007) (citing *Rosen v. Rosen*, 696 So. 2d 697, 700–01 (Fla. 1997)). This list is non-exhaustive and an award or fees of costs is left solely to the discretion of the trial court. *See id.* at 971. The burden is on the moving party to demonstrate an entitlement to fees and costs. See *CrossPointe, LLC v. Integrated Computing, Inc.*, 2007 WL 1192021, at *5 (M.D. Fla. 2007) (denying FDUTPA fees where movant failed to meet burden). And in addition to attorneys' fees, "FDUTPA allows for the award of non-taxable costs, i.e. those costs that are not taxable under federal law at 28 U.S.C. § 1920." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 836 (11th Cir. 2015) (citing Fla. Stat. § 501.2105(1)-(4)).

Plaintiff argues that the court should deny Defendant's request for attorney's fees under FDUTPA because Defendant failed to address the necessary *Humane Society* factors, and did not identify the hours spent litigating the FDUTPA claim.

13

[D.E. 59]. Defendant, in response, claims that he has no need to distinguish the hours spent on each type of claim because he is entitled to a fee award under both the copyright and FDUTPA statutes. Instead, Defendant points to the frivolous nature of the suit, the conduct in the case, the lack of support, the preemption of the claim, and the perjurious nature of Plaintiff's affidavit.

We agree with Plaintiff and find that Defendant's failure to address the *Humane Society* factors dooms his attempt to collect fees under FDUTPA. Even though Defendant is the prevailing party in this litigation, it is ultimately the burden of the party seeking fees to convince the court of his entitlement to same. In this instance, Defendant has wholly failed to satisfy that burden. *See North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 395 F. App'x. 563, 565-66 (11th Cir. 2010) (denial of a request for attorney's fees under FDUTPA where the prevailing party "made no reference to the factors Florida courts consider when determining the appropriateness of discretionary fee awards."); *Lankhorst v. Independent Savings Plan Company*, 2015 WL 5724369, *5 (M.D. Fla. 2015) (denying Defendant fees because Defendant failed to address the relevant factors to be considered in determining whether to award fees or explain why the Court should award fees under FDUTPA); *Hetrick v. Ideal Image Development Corp.,* 2011 WL 3566607, *3 (M.D. Fla. 2011) (denying defendant's motion for fees under FDUTPA because defendant failed to address the factors typically considered in determining whether an award of fees is appropriate).

As a result of this failure, we accordingly recommend that Defendant's Motion as to his entitlement to fees under FDUTPA be **DENIED**.

### 3. *Fed. R. Civ. P. 11*

In his Motion to Dismiss, Defendant requested an award of attorneys' fees under Federal Rule of Civil Procedure 11(c)(3), whereby Iglesias requested the Court to order Plaintiff to show cause regarding the sanctionable conduct.[5] Defendant then retracted his original request in his reply to Plaintiff's response, attempting to replace his original request for fees under Rule 11 by asking the court to instead exercise its inherent authority to award such fees. [D.E. 60].

New contentions presented in a response or reply brief cannot amend a pleading or filing. *See, e.g., Sims v. Chase Home Fin., LLC*, 2011 WL 13176725, at *5 n.5 (N.D. Ga. Aug. 30, 2011), *aff'd*, 471 F. App'x 877 (11th Cir. 2012) ("[T]o the extent that Plaintiff raises new arguments and allegations in her response brief, Plaintiff cannot amend her Amended Complaint through statements contained in a brief.") (citing *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)). Such a haphazard attempt by Defendant to seek additional fees cannot be condoned, and so the Motion on these grounds should be **DENIED**.

### 4. *28 U.S.C. §1927*

In his last argument, Defendant contends he is entitled to fees under Section 1927 because Plaintiff engaged in unreasonable conduct that vexatiously multiplied

---

[5] Defendant's argument for fees based on Rule 11 is merely a recital of the rule with minimal factual support.

the proceedings. Defendant's claim is heavily based on Plaintiff's sole-authorship argument.

A district court's authority to issue sanctions under Section 1927 is either broader than or equally as broad as a court's authority to issue sanctions under its inherent powers. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005) ("The language in these cases suggest that § 1927 standard is essentially the same as the inherent-powers standard."). The statute sets forward the grounds to award sanctions, stating that such an award is appropriate against "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. An attorney engaging in such behavior "may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." *Id*.

There are three essential requirements that must be satisfied with respect to a fee award under section 1927. As the Eleventh Circuit has explained:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs, expenses, and attorney's fees reasonably incurred because of such conduct.

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (citations and quotation marks omitted). The first requirement is satisfied "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (citation omitted). In fact, "an attorney's conduct must be particularly egregious to warrant the imposition of

16

sanctions" because the "attorney must knowingly or recklessly pursue a frivolous claim." *Id.* (emphasis in original) (citation omitted). Negligent conduct, standing alone, will not suffice as "something more than a lack of merit is required." *Id.* (citation omitted). The second requirement, relating to multiplying proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396). As for the final requirement, any sanction award must not be excessive in relation to the underlying misconduct.[6]

The Eleventh Circuit has held that "as an initial matter, the language of Section 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 786 (11th Cir. 2006) (citing *In re Matter of Yagman*, 796 F. 2d 1165, 1187 (9th Cir. 1986)). "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned [under] Section 1927." *Macort*, 208 Fed. App'x at 786 (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F. 3d 431, 435 (9th Cir. 1996)). In denying the motion for sanctions in *Macort*, the Eleventh Circuit looked only at counsel's conduct following the filing of the complaint and noted that the matter was a "fairly small, simple case with only a complaint, initial disclosures, and limited discovery". *Id.*

---

[6] This final consideration is not ripe for consideration because we are only addressing here the initial entitlement question. The determination of a permissible fee will have to be decided at a later stage of the proceeding.

Here, the Court dismissed Plaintiff's complaint shortly after it was filed, and it appears that very little – if any – discovery took place prior to this Court's dismissal of the action. After comparing the docket here with the one found in *Macort*, it is explicitly clear that this particular litigation is substantially smaller than the one deemed non-sanctionable by the Eleventh Circuit in that case. For this reason, we find that Defendant's motion as to Section 1927 should be **DENIED**.

### *III. CONCLUSION*

Based on the Report above, we hereby **RECOMMEND** that Defendant's Motion be **GRANTED in part**, and that Defendant's Motion for fees should solely be granted as to the copyright claim, 17 U.S.C. §505. Defendant's request for a fee award based on Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. §1927, and Fla. Stat. §501.2105 should be **DENIED**. Within fourteen (14) days from service of this Report and Recommendation, Defendant must submit to the Court their costs and fees solely related to the copyright claim for adjudication on same.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see*, *e.g.*,

*Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of December, 2018.

<u>/s/ *Edwin G. Torres*</u>
EDWIN G. TORRES
United States Magistrate Judge